UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62632-CIV-COHN/SELTZER

JUAN M. GOMEZ,

    Plaintiff,

v.

RYAN BOLLMAN; WARGO & FRENCH, LLP;
JOHN DOES 1-100; BARRY FISHMAN;
and JP MORGAN CHASE, N.A.,

    Defendants.
_____/

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

**THIS CAUSE** is before the Court upon Defendants JPMorgan Chase Bank, N.A., Wargo French, LLP, and Ryan Bollman's Motion to Dismiss the Amended Complaint [DE 11] ("Motion"), following the recent Order to Show Cause [DE 14].  The Court has carefully reviewed the Motion and the record in this case and is otherwise fully advised in the premises.

This action alleges that Defendants violated the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act in connection with the judicial foreclosure of a mortgage on real property owned by Plaintiff.  See DE 8 (Am. Compl.). On January 5, 2009, a Florida circuit court entered a Final Summary Judgment of Foreclosure, totaling $10,941,041.46, in favor of Defendant JPMorgan Chase Bank, N.A., ("JPMorgan") and against Plaintiff.  See DE 19-1.  Plaintiff now claims that the true amount owed on the mortgage is less than half of that judgment, that JPMorgan and the other Defendants refused to correct the alleged error, and that they are continuing to pursue collection of the full judgment amount.  See DE 8 at 4-8.

In their Motion, Defendants JPMorgan, Wargo French, LLP, and Ryan Bollman raise several arguments in support of dismissal.  See DE 11.  Among other points, the Motion contends that Plaintiff's claims are barred by the Rooker–Feldman doctrine.[1]

Plaintiff did not timely respond to the Motion, so the Court issued its Order to Show Cause.  That Order required Plaintiff, by April 23, 2015, to either (1) show cause why the Court should not grant the Motion by default, or (2) respond to the Motion.  See DE 14 at 1.  On April 20, 2015, Plaintiff filed a "Notice of Error and Motion to Strike All Motions Filed by [Defendants]" [DE 16] ("Notice").  The Notice primarily asserts that Defendants have not served their motions in this case on Plaintiff and therefore that the motions should be stricken.  But the Notice shows that Plaintiff did receive the present Motion, as he vaguely responds to some of Defendants' arguments.  See DE 16 at 4.  Also, the same day he filed the Notice, Plaintiff submitted a change of address for service.  See DE 15.  This suggests that any failure to receive Defendants' motions may have resulted from Plaintiff not maintaining a current mailing address with the Court.

More, the Court agrees with Defendants that the Rooker–Feldman doctrine forecloses this action.  Under that doctrine, a federal district court generally lacks jurisdiction to review final judgments of a state court.  See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923).  Rooker–Feldman applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon

---

[1] Defendant Barry Fishman has moved to strike Plaintiff's Amended Complaint and has also moved to dismiss another, substantially identical Amended Complaint that Plaintiff filed without leave of Court.  See DE 12; DE 18.  Since the other Defendants' Motion is dispositive here, the Court need not address Fishman's motions.

Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The doctrine bars claims "that were actually raised in the state court and those 'inextricably intertwined' with that state judgment." Figueroa v. MERSCORP, Inc., 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011) (citing Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam)), aff'd, 477 F. App'x 558 (11th Cir. 2012) (per curiam).  "A claim is inextricably intertwined if it would effectively nullify the state court judgment or [if] it succeeds only to the extent that the state court wrongly decided the issues." Casale, 558 F.3d at 1260 (citations & internal quotation marks omitted).  Still, "the Rooker bar can apply only to issues that the plaintiff had a reasonable opportunity to raise" in state court. Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983).

Here, the crux of Plaintiff's claims is that, due to Defendants' statutory violations, the state foreclosure judgment does not properly reflect the amount Plaintiff owes on his mortgage. See DE 8 at 8 (alleging that "Defendants continue to attempt to take [P]laintiff's property" by "consistently misstat[ing] the proper amounts owed").  But in entering the foreclosure judgment more than six years ago, the state court has already determined the amount owing on the mortgage.  If Plaintiff prevailed on his claims here, that result would effectively nullify the state judgment, or would at least mean that the state court wrongly entered it. See Casale, 558 F.3d at 1260.  Further, Defendants correctly note that "[i]f Plaintiff wished to contest the amount due under the mortgage, he had every opportunity to do so in the State Action." DE 11 at 7.  The present claims are therefore inextricably intertwined with the state judgment, and the Court lacks jurisdiction to consider them.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants JPMorgan Chase Bank, N.A., Wargo French, LLP, and Ryan Bollman's Motion to Dismiss the Amended Complaint [DE 11] is **GRANTED**;

2. Plaintiff's Notice of Error and Motion to Strike All Motions Filed by Defendants [DE 16] is **DENIED**;

3. Defendant Barry Fishman's Motion to Strike Amended Complaint [DE 12] and Motion to Dismiss the April 20, 2015, Amended Complaint [DE 18] are **DENIED AS MOOT**;

4. The above-styled action is **DISMISSED** for lack of subject-matter jurisdiction; and

5. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all other pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of April, 2015.

/s/ James I. Cohn
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Juan M. Gomez, pro se
1801 Polk St.
Suite 221967
Hollywood, FL  33022